LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29380

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MAY L. ELDER, Plaintiff-Appellee,
v.
CHRISTOPHER R. ELDER, Defendant-Appellee,
and
LIONEL M. RILEY, Real Party in Interest-Appellant.

2010 JUL 29 AM 8:20 FILED

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 07-1-0239)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Real Party in Interest-Appellant Lionel M. Riley
(Riley) appeals the Order Awarding Attorney's Fees filed on
August 22, 2008 in the District Family Court of the Third Circuit
(family court)[1] ordering Riley and his former client, Plaintiff
May L. Elder, jointly and severally, to pay Defendant
Christopher R. Elder's attorney's fees in the amount of Two-
Thousand Three-Hundred and Sixty Dollars ($2,360).

On appeal, Riley contends that the family court erred
in ordering him to pay attorney's fees without giving him proper
notice and thereby denying Riley a fair opportunity to be heard.

Upon a careful review of the record and the Opening
Brief,[2] and having given due consideration to the arguments
advanced and the issues raised in this appeal, because the family
court's basis for awarding attorney's fees against Riley is
unclear, the notice provided to Riley was inconsistent with how
the issue was apparently addressed, and the family court did not

---

[1] The Honorable Lloyd X. Van De Car presided.

[2] No Answering Brief was filed.

make a specific finding of bad faith as to Riley, the family court erred in awarding sanctions of attorney's fees against Riley.

I.   Background

Riley is the former attorney for Plaintiff Elder in this divorce case, docketed as FC-D 07-1-239 in the family court. At a hearing on April 21, 2008 in related case FC-D 08-1-0086,[3] the family court set an order to show cause hearing to address its concerns that: (1) the Complaint for Divorce filed on September 11, 2007 in FC-D 07-1-239 and signed by Plaintiff May Elder appeared to contain material misrepresentations;[4] and (2) a Notice of Dismissal filed by Riley on March 27, 2008 in FC-D 07-1-239 was improperly filed pursuant to Rule 41(a)(1)(A) of the Hawai'i Family Court Rules.[5]  At the April 21, 2008 hearing, the family court stated:

> For all of those reasons, Mr. Riley, the Court . . . will set an order to show cause hearing with respect to both your client in her individual capacity, and you for the following reasons.  One, the complaint for divorce and the pleadings -- the initial pleadings in FC-D 07-1-239 appear to the Court to contain material misrepresentations.  The

---

[3]  Because the two cases, FC-D 07-1-239 and FC-D 08-1-0086, involve the same parties and issues, and are therefore related, we take judicial notice of relevant filings and transcripts of hearings in FC-D 08-1-0086.  See Roxas v. Marcos, 89 Hawai'i 91, 110 n.9, 969 P.2d 1209, 1228 n.9 (1998); Peters v. Aipa, 118 Hawai'i 308, 312 n.3, 188 P.3d 822, 826 n.3 (Haw. 2008).  The case designated as FC-D 08-1-0086 was initiated after the Notice of Dismissal was filed in this case, FC-D 07-1-239.  A subsequent hearing on June 16, 2008 was held with regard to both FC-D 07-1-239 and FC-D 08-1-0086.

[4]  The concern with the Complaint for Divorce filed September 11, 2007 was that the Plaintiff, under penalty of perjury, averred that she or her spouse had lived or been physically present in Hawaii for a continuous period of at least six months and that she had lived and/or been physically present on the Island of Hawai'i for a continuous period of at least three months, while at the same time a Matrimonial Action Information form filed the same date indicated the Plaintiff had resided in Hawaii only from August 10, 2007.

[5]  The concern was that the Notice of Dismissal was improper and ineffective because the defendant's counsel had already made an appearance in court and thus HFCR Rule 41(a)(1)(A) did not apply to effectuate a proper dismissal.

complaint in that action is signed by the Plaintiff and not
signed by you, Mr. Riley.

The order to show cause with regard to you, Mr. Riley,
has to do with the Notice of Dismissal filed in 07-1-239.

On May 16, 2008, in FC-D No. 08-1-0086, the family
court issued Riley a Notice to Appear requiring him to appear
before the family court on June 16, 2008 "to show cause why you
should not be held in contempt for violating Rule 41, Hawaii
Family Court Rules."[6]

At the hearing on June 16, 2008, Plaintiff Elder had
new counsel and Riley appeared pursuant to the Notice to Appear.
During the hearing, the only basis for sanctions of attorney's
fees that was raised by the family court was the filing of the
Complaint for Divorce, which had been signed by Plaintiff Elder.
The family court initiated the discussion about attorney's fees
by stating:

Now with regard to the remaining matter, and frankly I
do believe that the filing of the initial action in the
divorce case 07-1-239 was done in bad faith. And am
interested, Mr. De Lima, in frankly finding out from whom
Mr. Elder ought to receive the fees and costs he incurred in
that action. Because that is what I intend to award.

Mr. Riley, I know this places you in an awkward
position with your former client, but it –

Mr. De Lima, I will note that the complaint for
divorce in 07-1-239 is signed by Miss Elder and not signed
by Mr. Riley. So I think the burden is on your client to
establish why she should not be sanctioned.

Plaintiff's new counsel argued Riley prepared the forms
and told Plaintiff what to sign. Riley also stated that he did
not believe Plaintiff Elder should be sanctioned. Without any
discussion about the Notice of Dismissal filed pursuant to Rule
41, the family court stated it would impose a sanction against
Plaintiff Elder and Riley, jointly and severally, awarding

---

[6] Because there was no prior order of the family court that Riley is
alleged to have violated, we do not address this case as involving a question
of "contempt."

3

attorney's fees and costs accrued by Defendant Elder in FC-D 07-1-239.

The Order Awarding Attorney's Fees filed on August 22, 2008, does not set out any findings to describe the misconduct upon which the sanction is based. Rather, it just briefly states:

> The Court finds that it is additionally appropriate to grant [Defendant] Christopher R. Elder's request for attorneys' fees he unnecessarily incurred in this action under Haw. R. Civ. P. 11, and the Court's inherent powers as restated in Haw. Rev. Stat. § 603-21.9(6). Mr. Elder is, therefore, awarded attorney's fees, jointly and severally against Plaintiff May L. Elder and Lionel M. Riley, Esq., in the amount of $2,360.00.[7]

## II. Standard of Review

This court reviews a trial court's order imposing sanctions, whether under Rule 11 or pursuant to the trial court's inherent powers, under the abuse of discretion standard. Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawai'i 452, 459 n.7, 903 P.2d 1273, 1280 n.7 (1995).

## III. Discussion

As apparently recognized by the family court at the hearing on April 21, 2008, Rule 11 cannot be the basis for the award of attorney's fees against Riley because he did not sign the Complaint for Divorce in FC-D 07-1-239. See Enos, 79 Hawai'i at 457, 903 P.2d at 1278 ("the purpose of Rule 11 as a whole is to bring home to the individual signer his [or her] personal, nondelegable responsibility[,]" and thus an attorney who did not sign the pleading in question could not be sanctioned under Rule 11 of the Hawai'i Rules of Civil Procedure) (citations omitted).

---

[7] The references to the Hawai'i Rules of Civil Procedure and Hawaii Revised Statutes (HRS) § 603-21.9(6) are incorrect as those provisions apply to the circuit court. The appropriate authorities for the district family court would be Rule 11 of the Hawai'i Family Court Rules and § HRS 571-8.5(10) (2006).

4

The basis for any sanctions against Riley in this case must therefore flow from the family court's inherent authority and a determination that Riley engaged in bad faith conduct related to (1) the Notice of Dismissal Riley filed in FC-D 07-1-239, or (2) the filing of the Complaint for Divorce.

While the family court has the inherent authority to sanction parties and award attorney's fees in appropriate circumstances, the Hawai‘i Supreme Court has cautioned that such authority "should be exercised with restraint and discretion." Id. at 458, 903 P.2d at 1279 (citations omitted). The Hawai‘i Supreme Court has further recognized that "a particularized showing of bad faith is required to justify the use of the court's inherent power" and that "an order imposing sanctions should set forth findings that describe, with reasonable specificity, the perceived misconduct." Id. at 458-59, 903 P.2d at 1279-80.

Here, the family court made no findings as to Riley's misconduct and there is no particularized showing of bad faith supporting the sanction against Riley. We must therefore review the record to determine if there has been an abuse of discretion. Id. at 459, 903 P.2d at 1280. While there were legitimate reasons for the family court to be concerned about and to question Riley's conduct in this litigation, the record does not establish sufficient evidence of bad faith conduct by Riley to impose sanctions. With regard to the Notice of Dismissal, opposing defense counsel had encouraged Riley to voluntarily dismiss FC-D 07-1-239. The family court's concern appears to have been that, because defense counsel had already made an appearance in court, the proper procedure was not simply a Notice of Dismissal but rather a stipulation of dismissal to be approved by the court. While ill-advised, it does not appear that Riley's action in filing the Notice of Dismissal was "taken for reasons

of harassment or delay or for other improper purposes." <u>Id.</u> at 458, 903 P.2d at 1279 (quoting <u>United States v. Int'l Bhd. of Teamsters</u>, 948 F.2d 1338, 1345 (2d Cir. 1991)).

If the basis for the sanction against Riley was his involvement in preparing the Complaint for Divorce, the Notice to Appear was flawed because it only notified Riley that he was to address a violation of Rule 41. Further, the record fails to provide a sufficient factual basis as to Riley's conduct regarding the Complaint for Divorce. At most, there was a brief discussion by counsel at the June 16, 2008 hearing, but there was no evidence submitted by any of the parties and no findings by the family court.

Based on the foregoing, the family court abused its discretion in awarding attorney's fees against Riley and we reverse the Order Awarding Attorney's Fees filed on August 22, 2008, to the extent it pertains to Riley.

DATED: Honolulu, Hawai'i, July 29, 2010.

On the briefs:

Lionel M. Riley
Real Party in Interest-Appellant

Presiding Judge

Associate Judge

Associate Judge